Benjamin T. **Manglona**, Mayor of Rota;
Edward U. Maratita,
Chair Rota Legislative Delegation;
Alex A. Apatang,
Chair Rota Municipal Council,
Petitioners,

v.

Thomas B. **Aldan**, Chair, Board of Public Lands; Joaquin A. Tenorio, Secretary, Department of Lands and Natural Resources; Bertha T. Camacho, Director, Division of Public Lands and Natural Resources, Respondents.
Order and Judgment

---

[4] *Castro*, 1997 MP 29 ¶13, 5 NMI 131.

Original Action No. 98-003
May 7, 1998

BEFORE: TAYLOR, Chief Justice; VILLAGOMEZ, Justice *Pro Tem*; LIZAMA, Special Judge.

¶1 On May 4, 1 999, the petitioners filed a Petition for Certified Legal Question and an Ex-parte Motion under Com. R. App. P. 27 for temporary relief. Petitioners are seeking a review of Public Law 10-57 and requesting an order restraining the respondents from taking any steps to enforce the Writ of Possession signed by the Superior Court on January 5, 1998.

¶2 This original action involves facts and issues involved in *Commonwealth v. Angelo*, 1999 MP 6, 5 N.M.I. 228. In *Angelo*, the Superior Court granted summary judgment in favor of the Commonwealth on September 9, 1997. The Superior Court denied the appellants' (Angelo, et al.) motion for a stay on October 30, 1997.

¶3 ▮ On November 28, 1997, this Court denied the appellants' motion for a stay of the Superior Court's Order which determined that the appellants were trespassers and directed them to vacate the public lands on Rota. Appellants are entitled to a stay if they show: (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardship tips sharply in the appellants' favor. *Vaughn v. Bank of Guam*, 1 N.M.I. 318, 327 (1990). After reviewing the motions, we denied the motion for stay because we were not convinced that the appellants had demonstrated irreparable harm or that they would succeed on the merits.

¶4 House Legislative Initiative No. 10-3, § 11 states:

Whenever a dispute arises between or among Commonwealth officials who are elected by the

159

people or appointed by the governor regarding the exercise of their power or responsibilities under this constitution or any statute, the parties to the dispute may certify to the supreme court the legal question raised, setting forth the stipulated facts upon which the dispute arises.

¶5 ▮ In this case, the petitioners have failed to raise any legal question nor have they set forth any stipulated facts upon which the dispute arises. We find that the issue raised by the petitioner has already been sufficiently addressed in the briefs in the *Angelo* appeal.[1] Therefore, the petition for certification of legal question and request for temporary relief is **DENIED**.[2]

---

[1] Appeal No. 97-034 is currently ready for oral argument.

[2] Petitioner should note that facsimile documents in excess of 10 pages violates Com.R.App.P. 25(e)(3).